IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

LAURA WILLIAMS,

    Plaintiff,

v

PROFESSIONAL DEBT MANAGEMENT, LLC,

    Defendant.
                              /

LAW OFFICES OF BRIAN P. PARKER, PC
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30700 Telegraph Rd., Ste. 1580
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
lemonlaw@ameritech.net
www.collectionstopper.com
                              /

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **LAURA WILLIAMS,** (Plaintiff) by and through counsel, brings this action against the above listed Defendant, **PROFESSIONAL DEBT MANAGEMENT, LLC,** (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Detroit, Wayne County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector located in the State of Missouri with the actions in this case taking place in Plaintiff's home location in Detroit, Wayne County, Michigan.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

12.

Plaintiff is receiving numerous calls from Defendant in regards to the collection of an alleged debt.

13.

This alleged debt derives out of a Check N' Go debt in the amount of about $700.00

14.

Defendant is repeatedly calling from 816-581-2430. Plaintiff receives many phone calls from a "Nicole."

15.

"Nicole," Defendant's representative, has threatened to file a lawsuit against Plaintiff, and to date, no such lawsuit has been filed. **Please see attached Exhibit No. 1.**

16.

Defendant is repeatedly calling Plaintiff's place of employment, even after Plaintiff has asked Defendant to stop calling her there since she is not allowed to receive personal calls at work. **Please see attached Exhibit No. 1.**

17.

Plaintiff's co-worker, Tonisha Banks, has answered the phone more than once when Defendant has called Plaintiff at work after Plaintiff asked Defendant to stop calling her there. **Please see attached Exhibit No. 2.**

18.

Defendant has failed to identify itself as a debt collector attempting to collect a debt in every conversation with Plaintiff, as required by the FDCPA.

19.

Defendant has also failed to state their company name in every conversation with Plaintiff, in violation of the FDCPA.

20.

To date, Plaintiff has not received anything in writing from Defendant regarding this alleged debt. **Please see attached Exhibit No. 1.**

21.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and MCPA. **Please see attached Exhibit No. 3.**

22.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled in excess of $75,000 consequential damages and the costs and expenses of this action.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

23.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 12, 14, 15, 16, and 17.**

24.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 12, 14, 16, and 17.**

25.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 12, 14, 15, 16, and 17.**

26.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b by communicating with any person other than the consumer for purposes other than acquiring location information. **Please see Paragraph 17.**

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer and not identifying himself and not stating that he is confirming or correcting location information concerning the consumer. **Please see Paragraph 17.**

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(3) by communicating with any person other than the consumer more than once. **Please see Paragraph 17.**

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see Paragraphs 16 and 17.**

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraphs 16 and 17.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraph 15.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraph 15.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. **Please see Paragraph 18.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. **Please see Paragraphs 18 and 19.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see Paragraph 20.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see Paragraph 20.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. **Please see Paragraph 20.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see Paragraph 20.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. **Please see Paragraph 20.**

40.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

41.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled in excess of $75,000, consequential damages and the costs and expenses of this action.

## CLAIM AGAINST DEFENDANT UNDER THE MICHIGAN OCCUPATIONAL CODE

42.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

a. (n) Using a harassing, oppressive or abusive method to collect a debt.

b. (q) By failing to implement a procedure designed to prevent a violation by an employee.

c. (a) By communicating with a debtor in a misleading or deceptive manner.

d. (f)(ii) By misrepresenting the legal rights of the debtor.

e. (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

f. (f)(i)By misrepresenting the legal status of a legal action being taken or threatened.

g. (g) By communicating with a debtor without accurately disclosing the caller's identity.

43.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the Michigan Occupational Code.

44.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

45.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled in excess of $75,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages;
3. For attorneys' fees and costs incurred in this action;
4. For Triple Damages under the MCPA, and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 8th day of November, 2010.

Respectfully submitted,

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
brianparker@collectionstopper.com